# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MICHAEL HEBERT (#263630)**                                        **CIVIL ACTION**

**VERSUS**

**CITY OF BATON ROUGE, ET AL.**                                 **NO. 15-850-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 21, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MICHAEL HEBERT (#263630)                                      CIVIL ACTION

VERSUS

CITY OF BATON ROUGE, ET AL.                                  NO. 15-850-JWD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are the Motions to Dismiss filed on behalf of defendants Dr. Charlie H. Bridges, the City of East Baton Rouge ("City"), and East Baton Rouge Parish ("Parish") (R. Docs. 21 and 29).  These motions are opposed.  *See* R. Docs. 24 and 34.

The *pro se* plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Parish of East Baton Rouge, LSC Corporation, Inc., Dennis Grimes, Terry Hines, Sid Gautreaux, Rani Whitfield, and Charles Bridges alleging that is constitutional rights were violated due to deliberate indifference to his health and serious medical conditions.  The plaintiff seeks monetary, declaratory, and injunctive relief.

The moving defendants seek to dismiss the plaintiff's claims against them pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficiency of service of process and for failure to timely perfect service.  Defendant Dr. Bridges contends that the plaintiff's claims against him should be dismissed with prejudice since he was not personally served with the summons in accordance with Louisiana Code of Civil Procedure.  The City and Parish defendants contend that because service was not made upon Mayor Kip Holden in accordance with Rule 4(j) of the Federal Rules of Civil Procedure, and because service of process was not effected within 90 days of the filing of the Complaint as mandated by Rule 4(m) of the Federal

Rules of Civil Procedure, the plaintiff's claims asserted against the City and Parish should be dismissed.

The plaintiff's Complaint and Motion to Proceed *in Forma Pauperis* were filed on or about December 17, 2015.  *See* R. Docs. 1 and 2.  After a protracted period, the Court determined that the plaintiff was entitled to proceed *in forma pauperis* and was not required to pay an initial partial filing fee.  *See* R. Docs. 5-10.  Inasmuch as the plaintiff was proceeding *pro se* in this case, the Court, pursuant to an Order dated April 13, 2016 (R. Doc. 11), directed the United States Marshal's Office to serve the defendants named herein, wherever found.

Pursuant to normal procedure, the Marshal's Office then forwarded correspondence to the plaintiff directing him to provide service information by filling out a United States Marshal Form 285.  The plaintiff returned the completed forms to the Marshal's Office and indicated thereon that the Marshal should serve defendant Dr. Bridges at "2867 Brig General Isaac Smith Blvd," the address for the EBRPP, and should serve the City and Parish defendants at "902 Governmental Building, 222 St. Louis Street."  *See* R. Docs. 14 and 16.  It appears that the United States Marshal then delivered the Summons and Complaint to these locations where "Thelda Cary, Administrative Assistant, Parish Attorney" and "Lana Price, Assistant to the Warden" received and accepted the Summons and Complaint without any noted limitation on behalf of the City and the Parish, and Dr. Bridges, respectively.

Under Rule 4, a plaintiff is responsible for serving the defendant with a complaint and summons.  FED. R. CIV. P. 4(c)(1).  The Rule further provides that a court must either dismiss the action against a defendant without prejudice, or order that service be made within a specified time, if the defendant is not served within 90 days after the complaint is filed.  FED. R. CIV. P. 4(m).

"A defendant has no obligation to appear in court or defend an action *before* it is formally served with process directing it to appear before that forum." *Thompson v. Deutsche Bank Nat. Trust Co.,* 775 F.3d 298, 303 (5th Cir. 2014).  Proper service is critical because "[i]t is axiomatic that in order for there to be in personam jurisdiction there must be valid service of process." *Attwell v. LaSalle Nat. Bank,* 607 F.2d 1157, 1159 (5th Cir. 1979).  Indeed, "[a] court which lacks personal jurisdiction over a defendant cannot enter a valid judgment against that defendant." *Trust Co. of La. v. N.N.P. Inc.,* 104 F.3d 1478, 1486 (5th Cir. 1997) (*quoting Broadcast Music, Inc. v. M.T.S. Enters.,* 811 F.2d 278, 281 (5th Cir. 1987)).  If a plaintiff fails to properly effectuate service, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5).  *See*  Fed. R. Civ. P. 12(b)(5) (authorizing a court to dismiss a civil action when service of process is inadequate).

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.,* 213 F. App'x 343, 344 (5th Cir. 2007) (unpublished, but persuasive).  The burden of demonstrating the validity of service when an objection is made lies with the party making service. *Id.*  (*citing Carimi v. Royal Carribean Cruise Line, Inc.,* 959 F.2d 1344, 1346 (5th Cir. 1992)).

Rule 4 of the Federal Rules of Civil Procedures provides in pertinent part:

> "**(e) Serving an Individual Within a Judicial District of the United States.**
> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>> **(2)** doing any of the following:
>>> **(A)** delivering a copy of the summons and of the complaint to the individual personally;

**(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

**(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process…[1]

**(j) Serving a Foreign, State, or Local Government.**

**(1)** *Foreign State.* A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608.

**(2)** *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

**(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or

**(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."[2]

As such, the plaintiff's service of process was deficient. Defendant Dr. Bridges was not personally served, nor was he served at his dwelling or usual place of abode. Furthermore, there is nothing in the record purporting to establish that Lana Price is an agent authorized to receive service of process on behalf of Dr. Bridges. As to the City and Parish defendants, service was not made upon Mayor-President Melvin L. "Kip" Holden, the chief executive officer of the City of Baton Rouge and East Baton Rouge Parish.

Nevertheless, while Courts expect plaintiffs who elect to represent themselves to have the same level of knowledge of the law as attorneys admitted to practice, *see Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981), the District Court has wide discretion in determining whether to dismiss an action for insufficient service, and courts often give *pro se* litigants leeway in

---

[1] The pertinent Louisiana rules of civil procedure are consistent with Rule 4(e) of the Federal Rules of Civil Procedure. *See* Louisiana Code of Civil Procedure articles 1231-1235.

[2] Louisiana Code of Civil Procedure article 1265 provides, "Service of citation or other process on any political subdivision, public corporation, or state, parochial or municipal board or commission is made at its office by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age and discretion. A public officer, sued as such, may be served at his office either personally, or in his absence, by service upon any of his employees of suitable age and discretion. If the political entity or public officer has no established office, then service may be made at any place where the chief executive officer of the political entity or the public officer to be served may be found."

correcting defects in service of process. *Lisson v. ING Groep N.V.,* 262 F. App'x. 567, 571 (5th Cir. 2007).  Furthermore, inasmuch as a dismissal of the moving defendants at this time could operate as a dismissal with prejudice (because of the running of the applicable limitations period), the Court's authority to dismiss these defendants is limited.  With this in mind, the Court recommends that the plaintiff be granted forty-five (45) days to properly serve these defendants. To the address the deficiency in service expressed by Dr. Bridges, it is further recommended that the Marshal's Office be directed first to attempt to personally serve Dr. Bridges at his place of employment.  If the Marshal's Office is unable to do so, then the Court will consider the appropriate steps necessary for the Marshal's Office to serve Dr. Bridges at his residence or wherever he may be found.  Further extensions of time to effect service will be considered if necessary.

## RECOMMENDATION

It is recommended that the Motions to Dismiss (R. Docs. 21 and 29) be denied.  It is further recommended that the improper service be quashed, and that the plaintiff be given forty-five (45) days to properly serve Dr. Bridges, the City, and the Parish.

Signed in Baton Rouge, Louisiana, on October 21, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**