## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MICHAEL HEBERT (#263630)**                              **CIVIL ACTION**

**VERSUS**

**CITY OF BATON ROUGE, ET AL.**                       **NO. 15-850-JWD-RLB**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 22, 2017.

                                                           **RICHARD L. BOURGEOIS, JR.**
                                                           **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL HEBERT (#263630)**                                    CIVIL ACTION

**VERSUS**

**CITY OF BATON ROUGE, ET AL.**                                 NO. 15-850-JWD-RLB

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

Before the Court are the Motions to Dismiss filed on behalf of LCS Corrections Services, Inc. ("LCS"). (R. Docs. 99 and 100). These motions are opposed. *See* R. Doc. 131.

The *pro se* plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Parish of East Baton Rouge, LCS, Dennis Grimes, Terry Hines, Sid Gautreaux, Rani Whitfield, and Charles Bridges alleging that is constitutional rights were violated due to deliberate indifference to his health and serious medical conditions. The plaintiff seeks monetary, declaratory, and injunctive relief.

In his Complaint as amended, the plaintiff alleges the following pertinent facts. The plaintiff was incarcerated at the Pine Prairie Correctional Center ("PPCC") from August 20, 2013 through February 4, 2014. Shortly after his arrival at PPCC, the plaintiff observed notices cautioning all persons that the water at PPCC was unsafe and contaminated with arsenic. The notices also stated that arsenic was a known carcinogen. No other water was provided to the plaintiff; therefore, he had no choice but to drink the contaminated water.

In October of 2013, the plaintiff began experiencing various health problems. On November 15, 2014 the plaintiff was diagnosed with cancer ("CML"). The plaintiff was told by the defendants that CML was caused by exposure to radiation and other risk factors such as ancestral heredity. The plaintiff did not have reason to believe that his cancer was caused by the contaminated water at

PPCC until June 25, 2015, when he read in a book that arsenic is a known cause of CML. This information was confirmed by Dr. Paul Toce the following week. On September 4, 2015, the plaintiff filed an administrative grievance regarding the same, which was rejected on October 14, 2015.

In response to the plaintiff's allegations, defendant LCS contends that the claim asserted against it in this proceeding is time-barred. Specifically, the defendant asserts that more than one year of un-tolled time elapsed before the plaintiff filed his Complaint herein.

Inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492.[1] This prescription begins to run from the day injury or damage is sustained. Damage is considered to have been sustained, within the meaning of the article, only when it has manifested itself with sufficient certainty to support accrual of a cause of action. *Cole v. Celotex Corp.,* 620 So.2d 1154, 1156 (La. 1993). Prescription will not commence at the earliest possible indication that the plaintiff may have suffered some wrong. Prescription begins to run when the plaintiff has a reasonable basis to pursue a claim against a specific defendant. *Jordan v. Employee Transfer Corporation,* 509 So.2d 420, 424 (La. 1987). Moreover, under federal law, a cause of action under 42 U.S.C. § 1983 accrues "when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citations and internal quotation marks omitted). A plaintiff need not realize that a legal cause of action exists but must only have knowledge of the facts that support a claim. *Id.* Under Louisiana law, a party pleading a limitations defense normally has the burden of establishing the

---

[1] *See* La. Civ. Code Art. 3456

elements of that defense. *See Savoy v. St. Landry Parish Council*, 2009 WL 4571851, *3 (W.D. La. Dec. 1, 2009). However, when the face of the plaintiff's Complaint reflects that more than a year has passed since the events complained of, the burden of proof shifts to the plaintiff to show that the limitations period has been interrupted or tolled. *Id.*

In the instant case, the earliest the possible date the plaintiff would have had knowledge of the facts to support his claim was November 15, 2014, the date the plaintiff was diagnosed with cancer.[2] Based upon a notice posted at PPCC, the plaintiff was aware that the water system was contaminated with unlawfully high levels of arsenic and that arsenic is a known carcinogen. As such, when the plaintiff was diagnosed with cancer on November 15, 2014, he had knowledge of both the delict and the damage. Accordingly, assuming that the plaintiff's claim accrued on that date, he had one year within which to file a complaint in this Court. Ordinarily, therefore, any claim that the plaintiff may have had against the defendants arising out of the incident complained of would be seen to have prescribed no later than November 15, 2014, the one-year anniversary of the incident. Further, inasmuch as the plaintiff did not file his federal Complaint until, at the earliest, December 17, 2015, the date that he signed it, it appears from the face of the Complaint that his claim is time-barred. Accordingly, the burden of proof shifts to the plaintiff to show that the limitations period in this case was interrupted or tolled during the one-year period.

In seeking to avoid the effect of the one-year limitations period, the plaintiff contends in his amended Complaint that he filed an administrative grievance with prison officials relative to the claim asserted herein and that, in computing the applicable limitations period, this Court is

---

[2] Arguably, the latest date prescription began to run was June of 2015, when the plaintiff read that CML could be caused by ingesting water contaminated with arsenic, and was informed by Dr. Toce that the cause of his CML was probably ingestion of the contaminated water. Until this occurred, the plaintiff alleges that he had been lead to believe by the defendants that the CML was hereditary or caused by exposure to radiation. Although the Court need not make this determination in resolving the instant motion, plaintiff's inaction prior to that time may be considered reasonable. *See Knaps v. B&B Chemical Co., Inc.,* 828 F.2d 1138 (5th Cir. 1987) ("We cannot say, as a matter of law, that an injured party acts unreasonably by delaying a lawsuit because the party's doctors consistently deny that a suit would be justified.")

obligated to take into account the time during which the administrative proceedings were pending within the prison system. *See Harris v. Hegmann*, 198 F.3d 153, 158-59 (5th Cir. 1999) (finding that the pendency of a properly-filed administrative grievance will act to toll or suspend the running of the one-year limitations period for a prisoner's claim).

The plaintiff is correct. When calculating the applicable limitations period, the Court is required to take into account the time during which the plaintiff's administrative remedy proceedings were pending. *See Harris v. Hegmann*, *supra*. The filing of an administrative grievance, however, only tolls or suspends, and does not interrupt, the running of the prescriptive period. *See* La. R.S. 15:1172(E) (providing that the limitations period for a prisoner's claim "shall be suspended upon the filing of [an administrative] ... grievance and shall continue to be suspended until the final agency decision is delivered"). Thus, this Court is required to count against the plaintiff the passage of days that elapsed both before the filing of the pertinent administrative grievance and after the conclusion of the administrative proceedings. *See Adams v. Stalder*, 934 So.2d 722, 725-26 (La. App. 1st Cir. 2006) (explaining that with a suspension of the limitations period, in contrast to an interruption, "the period of suspension is not counted toward the accrual of prescription but the time that has previously run is counted.... In other words, ... the clock merely stops running during the suspension, and thereafter the obligee has only so much of the one year as was remaining when the suspension began").

Applying the foregoing, the Court has concluded that the plaintiff's claim accrued and the one-year limitations period commenced to run on November 15, 2014, the date the plaintiff was diagnosed with cancer. The plaintiff alleges that he filed an administrative grievance on September 4, 2015.

Turning to the next part of the calculation, based upon the allegations of the Complaint, the plaintiff's administrative proceedings remained pending and thereby suspended the running of the

limitations period until those proceedings were concluded on October 14, 2015 when the plaintiff's grievance was rejected. Accordingly, the applicable limitations period began to run again on that date and the plaintiff then had seventy-two (72) remaining in the one-year limitations period – resulting in a limitations deadline of December 25, 2015.

The plaintiff's Complaint was filed on December 17, 2015, the date the plaintiff signed his Complaint.[3] Since the date is within the one-year limitations period, the plaintiff's Complaint should be found timely based upon the allegations of the Complaint.[4]

The moving defendant next seeks to dismiss the plaintiff's claims against it pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for failure to timely perfect service. Defendant LCS contends that because service of process was not effected within 90 days of the filing of the Complaint as mandated by Rule 4(m) of the Federal Rules of Civil Procedure, the plaintiff's claims asserted against LCS should be dismissed.

The plaintiff's Complaint and Motion to Proceed *in forma pauperis* were filed on or about December 17, 2015. *See* R. Docs. 1 and 2. After a protracted period, the Court determined that the plaintiff was entitled to proceed *in forma pauperis* and was not required to pay an initial partial filing fee. *See* R. Docs. 5-10. Inasmuch as the plaintiff was proceeding *pro se* in this case, the

---

[3] The courts of this Circuit have long concluded that the prison mailbox rule applies to the filing of pleadings submitted to courts by Louisiana *pro se* inmates. Pursuant to that rule, an inmate's pleadings are considered to be filed on the date that they are presented to prison officials or placed into the prison mailing system for transmission to the Court, not on the date that they are ultimately received or docketed by the Court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 2008 WL 553186, *3 (E.D. La. Feb. 28, 2008). The inherent basis for the rule is a recognition that, "[u]nskilled in law, unaided by counsel, and unable to leave the prison, [a prisoner's] control over the processing of his [pleadings] necessarily ceases as soon as he hands it over to the only public officials to whom he has access – the prison authorities." *Cooper v. Brookshire, supra*, 70 F.3d at 379, *quoting Houston v. Lack*, 487 U.S. 266, 271-72 (1988). The *Cooper* court also recognized that application of the rule allows courts to sidestep such potentially difficult issues as the possible motivation of prison officials to delay or obstruct the filing of inmates' complaints, and "pretermits time-consuming examinations of the circumstances behind any delay." *Id.* Thus, in the absence of evidence to the contrary, courts have generally presumed that the date that an inmate has signed and dated his Complaint is the date that he has given it to prison officials for mailing to the courts. *See Toomer v. Cain*, 2010 WL 4723365, n. 3 (E.D. La. July 30, 2010) (finding that, "[g]enerally, a court will look to the date a prisoner signed his pleading").

[4] For purposes of evaluation these Motions to Dismiss, the Court accepts as true the allegations of the plaintiff's Complaint.

Court, pursuant to an Order dated April 13, 2016 (R. Doc. 11), directed the United States Marshal's Office to serve the defendants named herein, wherever found.

Pursuant to normal procedure, the Marshal's Office then forwarded correspondence to the plaintiff directing him to provide service information by filling out a United States Marshal Form 285. The plaintiff returned the completed forms to the Marshal's Office, but the summons for LCS was returned unexecuted on May 27, 2016 with a notation of, "business not located at listed address." *See* R. doc. 23.

On June 10, 2016, the plaintiff filed a Motion to Attempt Reservice after receiving notice that the summons for LCS was returned unexecuted. On October 31, 2016, pursuant to Federal Rule of Civil Procedure 4(m), the Court granted the plaintiff's Motion and extended the time for service for an additional sixty days. *See* R. doc. 48. LCS was served on December 9, 2016. *See* R. Doc. 60. As such, LCS was served within the applicable time frame set by the Court.

## RECOMMENDATION

It is recommended that the Motions to Dismiss (R. Docs. 99 and 100) be denied, and this matter be referred back to the undersigned for further proceedings.

Signed in Baton Rouge, Louisiana, on March 22, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**