# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL HEBERT (#263630)** | **CIVIL ACTION** |
| **VERSUS** | |
| **CITY OF BATON ROUGE, ET AL.** | **NO. 15-850-JWD-RLB** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 16, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MICHAEL HEBERT (#263630)**                                                        **CIVIL ACTION**

**VERSUS**

**CITY OF BATON ROUGE, ET AL.**                                          **NO. 15-850-JWD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss filed by on behalf of defendants Sid Gautreaux and Warden Dennis Grimes (R. Doc. 106). This motion is opposed. *See* R. Doc. 117.

The *pro se* plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the City of Baton Rouge, the Parish of East Baton Rouge, LCS Corporation, Inc., Dennis Grimes, Terry Hines, Sid Gautreaux, Rani Whitfield, and Charles Bridges alleging that is constitutional rights were violated due to deliberate indifference to his health and serious medical conditions. The plaintiff seeks monetary, declaratory, and injunctive relief.

Defendants Gautreaux and Grimes assert, *inter alia*, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, the plaintiff alleges the following with regards to defendants Gautreaux and Grimes: Due to overcrowding at the EBRPP, the plaintiff was temporarily housed at the Pine Prairie Correctional Center ("PPCC") between August 20, 2013 and February 4, 2014. While housed at PPCC, the plaintiff was forced to consume water that was contaminated with unsafe levels of arsenic, as evidenced by an EPA notification posted at PPCC.

The plaintiff exhibited persistent cold symptoms, and on or about February 4, 2014, the plaintiff noticed a lump in his left calf. The lump was evaluated by a doctor at PPCC but no testing or treatment was provided. The plaintiff was diagnosed with a blood clot. The plaintiff

was subsequently transferred back to the EBRPP, and on February 17, 2014 the plaintiff was seen by defendant Dr. Whitfield. The plaintiff was returned to his cell without any tests, lab work, or treatment being performed.

In September of 2014, the plaintiff lost vision in his right eye. On October 3, 2014, the plaintiff sought treatment due to several painful and discolored lumps on his legs, arms, back, stomach and chest. The plaintiff was examined by defendant Dr. Whitfield on October 13, 2014. Dr. Whitfield ordered lab work which later revealed that the plaintiff's white blood count was extremely high. The plaintiff was transported to Tulane University Medical Center on November 4, 2014 and the plaintiff was diagnosed with chronic myelogenous leukemia ("CML") on November 13, 2014.

Defendants Gautreaux and Grimes are responsible for providing safe drinking water to pre-trial detainees. However, these defendants and others knew that hundreds of prisoners were being incarcerated at PPCC despite the inherent danger of exposure to water contaminated with arsenic. Defendants didn't care if anyone was harmed by consumption of the dangerous water because the only persons affected were prisoners. Defendants were well aware of the substantial risk of harm to the plaintiff's health resulting from daily ingestion of arsenic-contaminated water and, for this reason, did not return the plaintiff to PPCC after he began exhibiting symptoms of cancer.

Defendants Gautreaux and Grimes are responsible for providing necessary medical care to pre-trial detainees. Defendant Grimes and other defendants knowingly developed, executed, and maintained a policy, custom, and practice of incarcerating prisoners at EBRPP where there is an unconstitutionally deficient medical care delivery system. The plaintiff's sick calls were handled without access to a physician, and no system was in place to provide reasonable medical

testing, diagnosis, and care to meet the needs of the prison population. Basic tests were not conducted for financial reasons. Basic medical supplies, forms, procedures, protocols, and qualified staff were not available as was confirmed in a recent study. Due to the aforementioned deficiencies, the plaintiff was denied diagnosis and treatment of CML until it progressed to a life-threatening emergency. Defendants were deliberately indifferent to the plaintiff's constitutional rights and failed to train and supervise.

Turning first to the plaintiff's claims against defendants Gautreaux and Grimes in their individual capacities, a jail official's treatment of a pretrial detainee is governed by the substantive protections of the Due Process Clause of the Fourteenth Amendment whereas, upon conviction, such treatment is evaluated under the Eighth Amendment's prohibition against cruel and unusual punishment. The Due Process Clause protects the detainee's right to be free from punishment prior to an adjudication of guilt. *See Bell v. Wolfish,* 441 U.S. 520, 535–36. In this context, the violation of a detainee's interest in bodily integrity, through the denial of basic human needs such as safe drinking water and reasonable medical care, can amount to punishment under the Due Process Clause. *Partridge v. Two Unknown Police Officers of the City of Houston,* 791 F.2d 1182, 1187 (5th Cir. 1986).

The appropriate standard to apply in analyzing a constitutional challenge by a pretrial detainee depends upon whether the challenge is an attack on a condition of confinement or a complaint about one or more episodic acts or omissions. *Hare v. City of Corinth,* 74 F.3d 633, 643 (5th Cir. 1996). A conditions-of-confinement case is a constitutional attack on the "general conditions, practices, rules, or restrictions of pretrial confinement." *Id.* In such case, the harm is caused by the condition or policy itself, and this is true, for example, where inadequate medical care, *as a whole,* results in intolerable conditions of confinement. *Cf., Scott v. Moore,* 114 F.3d

51, 53 (5th Cir. 1997).  In contrast to the foregoing, if a pretrial detainee is complaining of one or more particular acts or omissions by prison officials, the claim is characterized as an "episodic act or omission" case.  *Id.*  An episodic case is presented when the decision of an independent actor, such as a doctor or nurse, is interposed between the detainee and the policy or practice of the local governmental entity that permitted the harm.  *Hare v. City of Corinth, supra,* 74 F.3d at 643.

In an episodic act or omission case, the detainee must establish that the official had actual, subjective knowledge of a substantial risk of serious harm but responded with deliberate indifference to the known or perceived risk.  *Id.*  The deliberate indifference standard is notably the same standard that is applicable in the Eighth Amendment context.  *Id.* at 643–44.  In applying this standard, the determinative question is whether the defendant prison officials subjectively knew that the inmate plaintiff faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).  Specifically, prison officials must be shown to have been personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and they also must be shown to have drawn the inference.  *Id*.

In the Court's view, the plaintiff's claims of failure to provide safe drinking water and inadequate medical care while he was a pretrial detainee should be analyzed under the standard which is applicable to episodic claims.  The plaintiff asserts that defendants Gautreaux and Grimes knew that the water supply at PPCC was contaminated with unsafe levels of arsenic and were well aware of the substantial risk of harm to the plaintiff resulting from daily ingestion of the contaminated water, but still transferred the plaintiff to PPCC when the EBRPP was overcrowded.  Accepting these allegations as true for the purposes of evaluating the defendants'

Motion to Dismiss, the plaintiff's Complaint, as amended, states a claim for deliberate indifference to the plaintiff's health and safety with regards to the plaintiff's transfer to PPCC.

With regards to the plaintiff's allegations against defendants Gautreaux and Grimes regarding the failure to provide a constitutionally adequate medical system, the plaintiff concedes in his opposition that Louisiana law confers this responsibility upon the City of Baton Rouge and the Parish of East Baton Rouge, and requests that this claim be dismissed. *See* R. Doc. 117.[1]

Turning to the plaintiff's official capacity claims, a suit against a government official in his official capacity is the equivalent of filing suit against the government agency of which the official is an agent. *Burge v. Parish of St. Tammany,* 187 F.3d 452, 466 (5th Cir. 1999). Therefore, to determine whether the plaintiff has stated such a claim, the Court must conduct a municipal liability analysis under *Monell v. Dep't of Social Services of the City of New York,* 436 U.S. 658 (1978). *See Nowell v. Acadian Ambulance Service,* 147 F.Supp.2d 495, 501 (W.D. La. 2001) (citing *Turner v. Houma Mun. Fire and Police Civil Service Bd.,* 229 F.3d 478, 483 fn. 10 (5th Cir. 2000)).

To assert a claim of municipal liability under Section 1983, a plaintiff must adduce sufficient factual matter to satisfy three elements: (1) the existence of an official policy or custom; (2) a policymaker with final policymaking authority; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Davis v. Tarrant County, Tex.,* 565 F.3d 214, 227 (5th Cir. 2009). Municipal liability cannot be established by a theory of *respondeat superior. Monell,* 436 U.S. at 691. Instead, the plaintiff must point to some official policy or

---

[1] It does not appear that the plaintiff is asserting a claim against defendants Gautreaux and Grimes for deliberate indifference to his serious medical needs. The plaintiff has not alleged any personal involvement by defendants Gautreaux and Grimes in his medical care. Rather it appears the plaintiff's deliberate indifference claim is directed at defendants Whitfield and Bridges.

custom that caused their constitutional harm. *Id.* The Fifth Circuit Court of Appeals has unanimously defined an official policy for Section 1983 purposes as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Bennett v. City of Slidell,* 735 F.2d 861, 862 (5th Cir.1984).

In the instant matter, the plaintiff alleges that defendant Grimes and others "knowingly developed, executed, and maintained a policy, custom, and practice of incarcerating prisoners [both pre-trial detainees and DPS&C sentenced prisoners to EBRPP they knew had a dangerous systemic unconstitutionally deficient medical care delivery system." The plaintiff's allegation is entirely conclusory. Additionally, the plaintiff has not alleged that defendant Grimes is a policymaker with final policymaking authority.

The plaintiff has also failed to allege the prerequisites for a claim for failure to train with regards to defendants Gautreaux and Grimes. In this circuit, "[t]o succeed on a failure to train claim, a plaintiff must show that (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of ... [a] plaintiffs rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir.

2008).  The plaintiff merely alleges in a conclusory fashion that, "…Defendants' deliberate indifference to Plaintiff's constitutional rights and accompanying failures to train and supervise are sufficient to constitute a custom, policy or practice, for purposes of § 1983."  As such, the Complaint, as amended, fails to adduce sufficient factual matter to make the plaintiff's claim plausible on its face.  Accordingly, the plaintiff has failed to state a municipal liability claim against defendants Gautreaux and Grimes upon which relief may be granted.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the defendants' Motion to Dismiss (R. Doc. 106) be granted in part, and the plaintiff's official capacity claims against defendants Gautreaux and Grimes be dismissed, with prejudice.  It is further recommended, to the extent the plaintiff is asserting a claim against defendants Gautreaux and Grimes in their individually capacities for failure to provide a constitutionally adequate medical system, that the Motion be granted to dismiss said claim with prejudice.  It is further recommended that in all other regards, the defendants' Motion (R. Doc. 106) be denied.

Signed in Baton Rouge, Louisiana, on August 16, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**