UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL HEBERT (#263630)                                    CIVIL ACTION

VERSUS

CITY OF BATON ROUGE, ET AL.                                 NO. 15-850-JWD-RLB

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 13, 2017.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MICHAEL HEBERT (#263630)**            **CIVIL ACTION**

**VERSUS**

**CITY OF BATON ROUGE, ET AL.**            **NO. 15-850-JWD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment filed on behalf of defendant Dr. Rani Whitfield (R. Doc. 184). This Motion is opposed. *See* R. Doc. 210-1.

The *pro se* plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against numerous defendants alleging that is constitutional rights were violated due to deliberate indifference to his health and serious medical conditions. Defendant Dr. Rani Whitfield now moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, the plaintiff's responses to discovery requests, and Dr. Whitfield's affidavit. The plaintiff opposes the defendant's Motion relying upon the pleadings, and a Statement of Undisputed Facts.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the

record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges the following with regards to Dr. Whitfield: Due to overcrowding at the EBRPP, the plaintiff was temporarily housed at the Pine Prairie Correctional Center ("PPCC") between August 20, 2013 and February 4, 2014. While housed at PPCC, the plaintiff was forced to consume water that was contaminated with unsafe levels of arsenic, as evidenced by an EPA notification posted at PPCC. The plaintiff exhibited persistent cold symptoms, and on or about February 4, 2014, the plaintiff noticed a lump in his left calf. The lump was evaluated by a doctor at PPCC but no testing or treatment was provided. The plaintiff was diagnosed with a blood clot. The plaintiff was subsequently transferred back to the EBRPP, and on February 17, 2014 the plaintiff was seen by defendant Dr. Whitfield. The plaintiff was returned to his cell without any tests, lab work, or treatment being performed. Dr. Whitfield knew that EBRPP prisoners were being exposed to contaminated water at PPCC and that PPCC

had been fined by the Environmental Protection Agency due to the same, but failed to order tests, lab work and provide treatment in order to avoid the costs of his care.

In September of 2014, the plaintiff lost vision in his right eye. On October 3, 2014, the plaintiff sought treatment due to several painful and discolored lumps on his legs, arms, back, stomach and chest. The plaintiff was examined by defendant Dr. Whitfield on October 13, 2014. Dr. Whitfield ordered lab work which later revealed that the plaintiff's white blood count was extremely high. The plaintiff was transported to Tulane University Medical Center on November 4, 2014 and the plaintiff was diagnosed with chronic myelogenous leukemia ("CML") on November 13, 2013.

The plaintiff asserts that Dr. Whitfield's failure to order basic lab work or tests for eight months constitutes medical malpractice and deliberate indifference to his serious medical needs, evidenced by the intentional denial of testing and treatment undertaken to avoid the astronomical costs associated with cancer treatment. The plaintiff further asserts that the delay in care eliminated available early treatments by the time the cancer was finally diagnosed in November of 2014.

In response to the plaintiff's Complaint, defendant Dr. Whitfield contends in the instant motion that the plaintiff cannot meet his burden of proof at trial with regards to his claim of deliberate indifference to his serious medical needs asserted against Dr. Whitfield.[1] Specifically, the defendant contends that the plaintiff has failed to present facts sufficient to show that the defendant has violated the plaintiff's constitutional rights through deliberate indifference to the plaintiff's serious medical needs.

A prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs.

---

[1] The plaintiff's medical malpractice claims against Dr. Whitfield were previously dismissed. *See* R. Docs. 136 and 140.

*Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976).  The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists".  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The official also must draw that inference.  *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference.  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).  A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference.  *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints.  *Id*.  A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay.  *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

The competent summary judgment evidence submitted by the defendant establishes the following:  Defendant Dr. Whitfield is an independent contractor who, at the time of events complained of, saw patients on a part-time basis on Monday, Tuesday, and Wednesday mornings at the East Baton Rouge Parish Prison.  Dr. Whitfield was not an employee of East Baton Rouge Parish, the East Baton Rouge Parish Prison, or Prison Medical Services.  Dr. Whitfield had no authority or responsibility for the development or implementation of policies, procedures, or protocols at the prison, or the financing of medical services at the prison.

At the time in question, prisoners were required to submit requests to Prison Medical Services to obtain medical treatment.  The Prison Medical Services' nursing staff would then determine whether a prisoner would be scheduled to see a physician, and Prison Medical Services' staff scheduled the prisoner appointments.  When Dr. Whitfield arrived at Prison Medical Services each day, he was provided with a list of patients he was scheduled to see.

Pursuant to this procedure, Dr. Whitfield saw, evaluated and treated the plaintiff at the East Baton Rouge Parish Prison on November 12, 2013; February 17, 2014; February 24, 2014; May 6, 2014; October 13, 2014; October 28, 2014; December 22, 2014; and January 26, 2015.

On November 12, 2013, the plaintiff was evaluated for complaints of boils on his left buttock. He was prescribed an antibiotic. On February 17, 2014, the plaintiff was evaluated for complaints about his left knee that had been injured while housed at PPCC. The examination was unremarkable; therefore, the plaintiff's request for a bottom bunk was denied.

The plaintiff was evaluated on February 24, 2014 for a sebaceous cyst on his back. An antibiotic was prescribed. The cyst was re-evaluated on May 6, 2014, and Dr. Whitfield determined that no additional treatment was necessary.

The plaintiff was not seen again by Dr. Whitfield until October 13, 2014. The plaintiff complained of discolored lumps on various parts of his body including his hips, legs, back, arms, and chest. Diffuse ecchymosis or bruising, not associated with pain or trauma, was noted. Dr. Whitfield advised the plaintiff to stop taking aspirin, and ordered lab work.

On October 28, 2014, the plaintiff was seen by Dr. Whitfield to discuss the results of his lab work which showed an elevated white blood count. The plaintiff complained of weakness, fatigue, and dizzy spells. A repeat Complete Blood Count and a TSH test were ordered. Dr. Whitfield also referred the plaintiff to a hematologist for evaluation of his elevated white blood count. Tylenol was prescribed for pain.

On December 22, 2014, Dr. Whitfield again ordered repeat lab work, and referred the plaintiff to an ophthalmologist for evaluation of his eyes. The plaintiff was last seen by Dr. Whitfield on January 26, 2015. The plaintiff complained of pain to his hip and Motrin was prescribed.

At no time did the plaintiff exhibit signs or symptoms indicative of CML. Dr. Whitfield never worked at PPCC, and had no knowledge of the conditions there including whether the

drinking water contained arsenic, and no knowledge of any warnings allegedly posted at PPCC regarding arsenic in the drinking water. Dr. Whitfield was never provided with any information to suggest that the plaintiff had been exposed to arsenic. Accordingly, Dr. Whitfield had no reason to suspect that the plaintiff was at risk for CML or any other serious medical condition, and there was no indication to order lab work until the plaintiff presented with diffuse bruising on October 13, 2014. *See* Affidavit of Dr. Rani Whitfield (R. Doc. 184-3).

Based on the foregoing, the Court is unable to conclude that the evidence supports a finding of deliberate medical indifference on the part defendant Dr. Whitfield. There is nothing in the record which shows deliberate indifference to the plaintiff's serious medical needs. As previously mentioned, the competent summary judgment evidence establishes that Dr. Whitfield had no reason to suspect that the plaintiff was at risk for CML. Once the plaintiff presented with diffuse bruising, lab work was ordered and a referral to a specialist was made due to the results. Accordingly, the Court finds that the plaintiff has failed to adequately support his claim asserted against defendant Dr. Whitfield, and the defendant is therefore entitled to summary judgment as a matter of law, dismissing the plaintiff's claim asserted herein.

In opposition to the Motion for Summary Judgment the plaintiff relies upon his verified Complaint; however, his Complaint, with respect to defendant Dr. Whitfield, is merely composed of speculative and conclusory allegations which fail to make a showing sufficient to establish the existence of the essential elements of the plaintiff's case for which he will bear the burden of proof at trial. Additionally, the plaintiff relies upon a Statement of Undisputed Facts, which he has styled as a declaration. However, an unsworn declaration is not competent summary judgment evidence unless it contains statements that it was "made under penalty of perjury" and is verified as "true and correct." *See* 28 U.S.C. § 1746; *Nissho-IwaiAm Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988); and *Johnson v. Attorney Office of Newman, Mathis, Brady & Spedale*, 2013 WL 6834381 at *5 (M.D. La. 2013). The plaintiff's declaration is

insufficient and is likewise not competent summary judgment evidence as it merely states that it is "made under the provisions of 28 U.S.C. § 1746."

Even if the plaintiff's Statement of Undisputed Facts could be considered as competent summary judgment evidence, the Fifth Circuit has "repeatedly held that self-serving affidavits, without more, will not defeat a motion summary judgment." *Tyler v. Cedar Hill Indep. Sch. Dist.*, 426 Fed. Appx. 306, 309 (5th Cir. 2011). The plaintiff's Statement of Undisputed Facts contains numerous self-serving statements pertaining to defendant Dr. Whitfield's knowledge of the plaintiff's consumption of arsenic contaminated water, EPA notices posted regarding the arsenic contaminated water, and the plaintiff's resulting health concerns. The plaintiff's self-serving statements are not the type of probative evidence required to defeat summary judgment. *See U.S. v. Lawrence*, 276 F.3d 193 (5th Cir. 2001).

As noted above, there is nothing before the Court which tends to dispute the defendant's assertions regarding the plaintiff's medical care. Accordingly, based upon the plaintiff's failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce sufficient supporting evidence on his own behalf, the Court concludes that the defendant's motion is well-taken and that, on the record before the Court, the defendant is entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is recommended that the Motion for Summary Judgment (R. Doc. 184), be granted, dismissing the plaintiff's claims asserted against defendant Dr. Whitfield, with prejudice.

Signed in Baton Rouge, Louisiana, on December 13, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**