UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL HEBERT (#263630)                                    CIVIL ACTION

VERSUS

CITY OF BATON ROUGE, ET AL.                                 NO. 15-850-JWD-RLB

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 6, 2018.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL HEBERT (#263630)**                                    **CIVIL ACTION**

**VERSUS**

**CITY OF BATON ROUGE, ET AL.**                                 **NO. 15-850-JWD-RLB**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment filed on behalf of defendants City of Baton Rouge and Parish of East Baton Rouge (R. Doc. 291). The Motion is not opposed.

The *pro se* plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against numerous defendants alleging that is constitutional rights were violated due to deliberate indifference to his health and serious medical conditions. The plaintiff seeks monetary, declaratory, and injunctive relief.

Defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Material Facts, a copy of a form titled Prison Medical Services Medical Intake and Orientation, a copy of a form titled East Baton Rouge Parish Prison Intake Form, a copy of the E.B.R. Parish Prison Inmate Rules and Regulations, and the plaintiff's response to requests for admission propounded by the moving defendants.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party

moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.  *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges the following with regards to the City and the Parish:  Due to overcrowding at the EBRPP, the plaintiff was temporarily housed at the Pine Prairie Correctional Center ("PPCC") between August 20, 2013 and February 4, 2014.  While housed at PPCC, the plaintiff was forced to consume water that was contaminated with unsafe

levels of arsenic, as evidenced by an EPA notification posted at PPCC.  The City and the Parish developed, executed and maintained a policy, custom and practice of incarcerating EBRPP prisoners at PPCC despite the unsafe water.

The plaintiff exhibited persistent cold symptoms, and on or about February 4, 2014, the plaintiff noticed a lump in his left calf.  The lump was evaluated by a doctor at PPCC but no testing or treatment was provided.  The plaintiff was diagnosed with a blood clot.  The plaintiff was subsequently transferred back to the EBRPP, and on February 17, 2014 the plaintiff was seen by defendant Dr. Whitfield.  The plaintiff was returned to his cell without any tests, lab work, or treatment being performed.

In September of 2014, the plaintiff lost vision in his right eye.  On October 3, 2014, the plaintiff sought treatment due to several painful and discolored lumps on his legs, arms, back, stomach and chest.  The plaintiff was examined by defendant Dr. Whitfield on October 13, 2014.  Dr. Whitfield ordered lab work which later revealed that the plaintiff's white blood count was extremely high.  The plaintiff was transported to Tulane University Medical Center on November 4, 2014 and the plaintiff was diagnosed with chronic myelogenous leukemia ("CML") on November 13, 2014.

While housed at the EBRPP, the plaintiff's sickcalls were handled without access to a physician because the City and Parish, along with others, failed to provide adequate access to medical care.  The City and the Parish failed to have in place an objectively reasonable medical care delivery system, and failed to provide adequate numbers of licensed staff, adequate funding and medical administrative organization.  The City and the Parish, along with others, developed, executed and maintained a policy, custom and practice of incarcerating prisoners at the EBRPP despite knowledge of the unconstitutionally deficient medical care delivery system.  Due to the

various deficiencies in medical care provided at EBRPP, the plaintiff was denied diagnosis and treatment of CML until it progressed to a life-threatening emergency.

The City and Parish defendants contend that the plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies. In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[1] This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson*, supra, 385 F.3d at 516, *quoting Porter v. Nussle*, *supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id.*

A review of the certified copy of the plaintiff's pertinent Request for Administrative Remedy ("LSP-2015-2498) shows that the plaintiff submitted an ARP dated September 3, 2015, which was rejected on October 14, 2015. *See* R. Doc. 164. The plaintiff complained therein regarding the alleged negligence and gross negligence on the part of PPCC, LCS Corporation,

---

[1] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

EBRPP, and Sid Gautreaux.  The plaintiff made no complaints in the referenced ARP regarding any alleged actions or inaction on the part of the City and the Parish.  The plaintiff has not identified any other ARP in which his claims against the City and the Parish were addressed prior to the filing of his Complaint, nor is there any such ARP in the record.  The plaintiff has also not submitted an opposition to the Motion for Summary Judgment.

Accordingly, exhaustion has not occurred with regards to the plaintiff's claims against the City and the Parish.  Based upon the record before the Court, the Motion for Summary Judgment (R. Doc. 291) should be granted.

## RECOMMENDATION

It is recommended that the Motion for Summary Judgment (R. Doc. 291) be granted, and the plaintiff's claims against defendants the City of Baton Rouge and the Parish of East Baton Rouge be dismissed, without prejudice, and that this matter be referred back to the undersigned for further proceedings as appropriate.

Signed in Baton Rouge, Louisiana, on June 6, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**