# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

MICHAEL HEBERT (#263630)                                           CIVIL ACTION

VERSUS

CITY OF BATON ROUGE, ET AL.                                        NO. 15-850-JWD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 1, 2018.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MICHAEL HEBERT (#263630)**            **CIVIL ACTION**

**VERSUS**

**CITY OF BATON ROUGE, ET AL.**           **NO. 15-850-JWD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment filed on behalf of defendants Sheriff Sid Gautreaux and Warden Dennis Grimes (R. Doc. 317).  This Motion is opposed.  *See* R. Doc. 353

The *pro se* plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against numerous defendants alleging that is constitutional rights were violated due to deliberate indifference to his health and serious medical conditions.  The plaintiff seeks monetary, declaratory, and injunctive relief.

Defendants Gautreaux and Grimes move for summary judgment relying upon the pleadings, a Statement of Undisputed Material Facts, the Affidavit of Warden Grimes, and the Affidavit of Sheriff Gautreaux.  The plaintiff opposes the motion relying upon the pleadings, a Statement of Undisputed Facts, his own Declaration, and various exhibits as listed in Record Document 352.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A party

moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.  *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges the following with regards to defendants Gautreaux and Grimes:  Due to overcrowding at the EBRPP, the plaintiff was temporarily housed at the Pine Prairie Correctional Center ("PPCC") between August 20, 2013 and February 4, 2014.

While housed at PPCC, the plaintiff was forced to consume water that was contaminated with unsafe levels of arsenic, as evidenced by an EPA notification posted at PPCC.

The plaintiff exhibited persistent cold symptoms, and on or about February 4, 2014, the plaintiff noticed a lump in his left calf. The lump was evaluated by a doctor at PPCC but no testing or treatment was provided. The plaintiff was diagnosed with a blood clot. The plaintiff was subsequently transferred back to the EBRPP, and on February 17, 2014 the plaintiff was seen by defendant Dr. Whitfield. The plaintiff was returned to his cell without any tests, lab work, or treatment being performed.

In September of 2014, the plaintiff lost vision in his right eye. On October 3, 2014, the plaintiff sought treatment due to several painful and discolored lumps on his legs, arms, back, stomach and chest. The plaintiff was examined by defendant Dr. Whitfield on October 13, 2014. Dr. Whitfield ordered lab work which later revealed that the plaintiff's white blood count was extremely high. The plaintiff was transported to Tulane University Medical Center on November 4, 2014 and the plaintiff was diagnosed with chronic myelogenous leukemia ("CML") on November 13, 2014.

Defendants Gautreaux and Grimes are responsible for providing safe drinking water to pre-trial detainees. However, these defendants and others knew that hundreds of prisoners were being incarcerated at PPCC despite the inherent danger of exposure to water contaminated with arsenic. Defendants didn't care if anyone was harmed by consumption of the dangerous water because the only persons affected were prisoners. Defendants were well aware of the substantial risk of harm to the plaintiff's health resulting from daily ingestion of arsenic-contaminated water and, for this reason, did not return the plaintiff to PPCC after he began exhibiting symptoms of cancer. Defendants were deliberately indifferent to the plaintiff's constitutional rights.

Defendants Gautreaux and Grimes first contend that the plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies.  The defendants allege that the plaintiff's grievance was not timely filed.  In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[1]  This provision is mandatory and applies broadly to "all inmate suits about prison life."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions.  *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).  Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules.  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'"  *Johnson v. Johnson*, *supra*, 385 F.3d at 516, *quoting Porter v. Nussle*, *supra*, 534 U.S. at 525.  Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose.  *Id.*

A review of the certified copy of the plaintiff's pertinent Request for Administrative Remedy ("LSP-2015-2498) shows that the plaintiff submitted an ARP dated September 3, 2015, which was rejected on October 14, 2015.  *See* R. Doc. 164.  The moving defendants argue that the plaintiff's ARP was untimely because his grievance was not received within 90 days of

---

[1] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

November 15, 2014, the date the plaintiff was diagnosed with CML, as required by the Inmate

Grievance Procedure at the EBRPP.  *See* R. Doc. 317-3, p.6.

  As this Court has previously noted, the earliest the possible date the plaintiff would have

had knowledge of the facts to support his claim was November 15, 2014, the date the plaintiff

was diagnosed with cancer.  However, the latest possible date prescription began to run was June

of 2015, when the plaintiff read that CML could be caused by ingesting water contaminated with

arsenic and was allegedly informed by Dr. Toce that the cause of his CML was probably

ingestion of the contaminated water.  Until this occurred, the plaintiff asserts that he had been

lead to believe that the CML was hereditary or caused by exposure to radiation.  *See* R. Docs.

353-1 and 353-2 (Plaintiff's Declarations).  As such, the plaintiff's inaction prior to that time

may be considered reasonable.  *See Knaps v. B&B Chemical Co., Inc.,* 828 F.2d 1138 (5th Cir.

1987) ("We cannot say, as a matter of law, that an injured party acts unreasonably by delaying a

lawsuit because the party's doctors consistently deny that a suit would be justified.")

Accordingly, the plaintiff's ARP, September 4, 2015, was filed within 90 days as required by the

Inmate Grievance Procedure.

  The moving defendants next contend that the claims asserted against them in this

proceeding are time-barred.  Specifically, the defendants Gautreaux and Grimes assert that more

than one year of un-tolled time elapsed before the plaintiff filed his Complaint herein. However,

this Court has already determined that the plaintiff's Complaint was timely filed.  *See* R. Docs.

135 and 139.

  The moving defendants next assert that they are entitled to qualified immunity in

connection with the plaintiff's claims.  Specifically, defendant Gautreaux and Grimes contend

that the plaintiff's allegations and evidentiary showing fail to show the existence of a genuine issue of disputed fact relative to any alleged violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.[2] Undertaking the qualified immunity analysis with respect to the plaintiff's claims that the defendants were deliberately indifferent to his serious medical needs, the Court finds that the Motion for Summary Judgment should be granted.

---

[2] The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be "often beneficial", the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

A jail official's treatment of a pretrial detainee is governed by the substantive protections of the Due Process Clause of the Fourteenth Amendment whereas, upon conviction, such treatment is evaluated under the Eighth Amendment's prohibition against cruel and unusual punishment. The Due Process Clause protects the detainee's right to be free from punishment prior to an adjudication of guilt. *See Bell v. Wolfish,* 441 U.S. 520, 535–36. In this context, the violation of a detainee's interest in bodily integrity, through the denial of basic human needs such as safe drinking water and reasonable medical care, can amount to punishment under the Due Process Clause. *Partridge v. Two Unknown Police Officers of the City of Houston,* 791 F.2d 1182, 1187 (5th Cir. 1986).

The appropriate standard to apply in analyzing a constitutional challenge by a pretrial detainee depends upon whether the challenge is an attack on a condition of confinement or a complaint about one or more episodic acts or omissions. *Hare v. City of Corinth,* 74 F.3d 633, 643 (5th Cir. 1996). A conditions-of-confinement case is a constitutional attack on the "general conditions, practices, rules, or restrictions of pretrial confinement." *Id.* In such case, the harm is caused by the condition or policy itself, and this is true, for example, where inadequate medical care, *as a whole,* results in intolerable conditions of confinement. *Cf., Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997). In contrast to the foregoing, if a pretrial detainee is complaining of one or more particular acts or omissions by prison officials, the claim is characterized as an "episodic act or omission" case. *Id.* An episodic case is presented when the decision of an independent actor, such as a doctor or nurse, is interposed between the detainee and the policy or practice of the local governmental entity that permitted the harm. *Hare v. City of Corinth, supra,* 74 F.3d at 643.

In an episodic act or omission case, the detainee must establish that the official had actual, subjective knowledge of a substantial risk of serious harm but responded with deliberate indifference to the known or perceived risk. *Id.* The deliberate indifference standard is notably the same standard that is applicable in the Eighth Amendment context. *Id.* at 643–44. In applying this standard, the determinative question is whether the defendant prison officials subjectively knew that the inmate plaintiff faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Specifically, prison officials must be shown to have been personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and they also must be shown to have drawn the inference. *Id.*

In the Court's view, the plaintiff's claims of failure to provide safe drinking water and inadequate medical care while he was a pretrial detainee should be analyzed under the standard which is applicable to episodic claims. The competent summary judgment evidence submitted by the defendants establishes the neither defendant had any knowledge of the allegedly contaminated water at PPCC. In opposition to the Motion for Summary Judgment the plaintiff relies upon his Declarations which are merely composed of speculative and conclusory allegations which fail to make a showing sufficient to establish the existence of the essential elements of the plaintiff's case for which he will bear the burden of proof at trial. The Fifth Circuit has "repeatedly held that self-serving affidavits, without more, will not defeat a motion summary judgment." *Tyler v. Cedar Hill Indep. Sch. Dist*., 426 Fed. Appx. 306, 309 (5th Cir. 2011). The plaintiff's Declarations state that on an unspecified date he complained to the defendants of the allegedly contaminated water at PPCC either verbally or in writing, and that he "believes" that the defendants did not care that the plaintiff needed treatment for CML, and only

wanted to avoid the cost of his care.  The plaintiff's self-serving statements are not the type of probative evidence required to defeat summary judgment.  *See U.S. v. Lawrence*, 276 F.3d 193 (5th Cir. 2001).

Further, the plaintiff's own exhibits show that while arsenic was present in the water at PPCC in 2011 and 2012, the highest amount of arsenic detected met the EPA standard for arsenic and was deemed to be a low level of arsenic.  *See* R. Doc. 352-8, p. 11.  As such, the plaintiff's own exhibits do not support his claim that the water at PPCC was contaminated with harmful levels of arsenic.  There is nothing in the record which shows deliberate indifference on the part of defendants Gautreaux and Grimes.  Accordingly, the Court finds that the plaintiff has failed to adequately support his claim asserted against defendants Gautreaux and Grimes, and these defendants are therefore entitled to summary judgment as a matter of law, dismissing the plaintiff's claim asserted herein.

Finally, regarding the plaintiff's allegations seeking to invoke the supplemental jurisdiction of this court over the plaintiff's state law claims against defendants Gautreaux and Grimes, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367.  In the instant case, having recommended that the plaintiff's federal claims against defendants Gautreaux and Grimes be dismissed, the Court further recommends that the exercise of supplemental jurisdiction over the plaintiff's state law claims against these defendants be declined.

# RECOMMENDATION

It is recommended that the Motion for Summary Judgment (R. Doc. 317) be granted, and the plaintiff's claims against defendants the Sheriff Sid Gautreaux and Warden Dennis Grimes be dismissed, with prejudice.  It is further recommended that the exercise of supplemental jurisdiction over the plaintiff's state law claims against these defendants be declined, and that this matter be referred back to the undersigned for further proceedings as appropriate.

Signed in Baton Rouge, Louisiana, on November 1, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**