UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL HEBERT (#263630)** | **CIVIL ACTION** |
| **VERSUS** | |
| **CITY OF BATON ROUGE, ET AL.** | **NO. 15-850-JWD-RLB** |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 1, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL HEBERT (#263630)                          CIVIL ACTION

VERSUS

CITY OF BATON ROUGE, ET AL.                       NO. 15-850-JWD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment filed on behalf of defendant Dr. Charles Bridges (R. Doc. 338). This Motion is opposed. *See* R. Doc. 353.[1]

The *pro se* plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against numerous defendants alleging that is constitutional rights were violated due to deliberate indifference to his health and serious medical conditions. The plaintiff seeks monetary, declaratory, and injunctive relief.

Defendant Dr. Bridges moves for summary judgment relying upon the pleadings, a Statement of Undisputed Material Facts, his own Affidavit, and excerpts of the plaintiff's medical records. The plaintiff opposes the motion relying upon the pleadings, a Statement of Undisputed Facts, his own Declaration, and various exhibits as listed in Record Document 352 .

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v.*

---

[1] Defendant Dr. Bridges has filed a Reply to the plaintiff's Opposition, and has also filed an Affidavit in response to the Plaintiff's Statement of Undisputed Facts. Dr. Bridges' Affidavit will not be considered since this Court has previously ruled to the extent the plaintiff's Statement of Undisputed Facts (R. Doc. 353-1) and Affidavit (R. Doc. 353-2) were submitted in support of the plaintiff' s Motion for Summary Judgment they will not be considered for such purpose as they are untimely filed.

*Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges the following with regards to Dr. Bridges: Due to overcrowding at the EBRPP, the plaintiff was temporarily housed at the Pine Prairie Correctional Center ("PPCC") between August 20, 2013 and February 4, 2014. While housed at PPCC, the

plaintiff was forced to consume water that was contaminated with unsafe levels of arsenic, as evidenced by an EPA notification posted at PPCC. The plaintiff exhibited persistent cold symptoms, and on or about February 4, 2014, the plaintiff noticed a lump in his left calf. The lump was evaluated by a doctor at PPCC but no testing or treatment was provided. The plaintiff was diagnosed with a blood clot. The plaintiff was subsequently transferred back to the EBRPP, and on February 17, 2014 the plaintiff was seen by defendant Dr. Whitfield. The plaintiff was returned to his cell without any tests, lab work, or treatment being performed. Dr. Whitfield knew that EBRPP prisoners were being exposed to contaminated water at PPCC and that PPCC had been fined by the Environmental Protection Agency due to the same, but failed to order tests, lab work and provide treatment in order to avoid the costs of his care.

In September of 2014, the plaintiff lost vision in his right eye. On October 3, 2014, the plaintiff sought treatment due to several painful and discolored lumps on his legs, arms, back, stomach and chest. The plaintiff was examined by defendant Dr. Whitfield on October 13, 2014. Dr. Whitfield ordered lab work which later revealed that the plaintiff's white blood count was extremely high. The plaintiff was transported to Tulane University Medical Center on November 4, 2014 and the plaintiff was diagnosed with chronic myelogenous leukemia ("CML") on November 13, 2013.

The plaintiff asserts that while housed at the EBRPP and being treated primarily by Dr. Whitfield, Dr. Bridges' failure to order to order basic lab work or tests for eight months constitutes medical malpractice and deliberate indifference to his serious medical needs, evidenced by the intentional denial of testing and treatment undertaken to avoid the astronomical costs associated with cancer treatment. The plaintiff further asserts that the delay in care

eliminated available early treatments by the time the cancer was finally diagnosed in November of 2014.

Defendant Dr. Bridges asserts that he is entitled to qualified immunity in connection with the plaintiff's claims. Specifically, defendant Bridges contends that the plaintiff's allegations and evidentiary showing fail to show the existence of a genuine issue of disputed fact relative to any alleged violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing*

*Michalik v. Hermann, supra*, 422 F.3d at 262.[2]  Undertaking the qualified immunity analysis with respect to the plaintiff's claims that the defendant was deliberately indifferent to his serious medical needs, the Court finds that the Motion for Summary Judgment should be granted.

A jail official's treatment of a pretrial detainee is governed by the substantive protections of the Due Process Clause of the Fourteenth Amendment whereas, upon conviction, such treatment is evaluated under the Eighth Amendment's prohibition against cruel and unusual punishment.  The Due Process Clause protects the detainee's right to be free from punishment prior to an adjudication of guilt.  *See Bell v. Wolfish,* 441 U.S. 520, 535–36.  In this context, the violation of a detainee's interest in bodily integrity, through the denial of basic human needs such as safe drinking water and reasonable medical care, can amount to punishment under the Due Process Clause.  *Partridge v. Two Unknown Police Officers of the City of Houston,* 791 F.2d 1182, 1187 (5th Cir. 1986).

The appropriate standard to apply in analyzing a constitutional challenge by a pretrial detainee depends upon whether the challenge is an attack on a condition of confinement or a complaint about one or more episodic acts or omissions.  *Hare v. City of Corinth,* 74 F.3d 633, 643 (5th Cir. 1996).  A conditions-of-confinement case is a constitutional attack on the "general conditions, practices, rules, or restrictions of pretrial confinement."  *Id.*  In such case, the harm is caused by the condition or policy itself, and this is true, for example, where inadequate medical care, *as a whole,* results in intolerable conditions of confinement.  *Cf., Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997).  In contrast to the foregoing, if a pretrial detainee is complaining of one or more particular acts or omissions by prison officials, the claim is characterized as an "episodic

---

[2] The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).  Although the *Saucier* methodology will be "often beneficial", the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.  *Id.*

act or omission" case. *Id.* An episodic case is presented when the decision of an independent actor, such as a doctor or nurse, is interposed between the detainee and the policy or practice of the local governmental entity that permitted the harm. *Hare v. City of Corinth, supra,* 74 F.3d at 643.

In an episodic act or omission case, the detainee must establish that the official had actual, subjective knowledge of a substantial risk of serious harm but responded with deliberate indifference to the known or perceived risk. *Id.* The deliberate indifference standard is notably the same standard that is applicable in the Eighth Amendment context. *Id.* at 643–44. In applying this standard, the determinative question is whether the defendant prison officials subjectively knew that the inmate plaintiff faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Specifically, prison officials must be shown to have been personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and they also must be shown to have drawn the inference. *Id.*

In the Court's view, the plaintiff's claims of inadequate medical care while he was a pretrial detainee should be analyzed under the standard which is applicable to episodic claims. The competent summary judgment evidence submitted by Dr. Bridges establishes that the plaintiff was examined by Dr. Bridges once, on March 28, 2014, and Dr. Bridges noted a small boil on the plaintiff's mid back that was healing well.[3] Dr. Bridges directed that the plaintiff's medications be continued and ordered the addition of aspirin. Later, in October of 2014, upon review of the plaintiff's lab work ordered by Dr. Whitfield, Dr. Bridges ordered that the plaintiff be referred to the Hematology Clinic "ASAP." After the plaintiff was diagnosed with CML, Dr.

---

[3] Dr. Bridges was contacted telephonically concerning the boil the previous week and prescribed an antibiotic as well as Motrin for pain.

Bridges ordered all medications as directed by LSU physicians, including Gleevec to treat the CML.

In opposition to the Motion for Summary Judgment the plaintiff relies upon his Declarations. The Fifth Circuit has "repeatedly held that self-serving affidavits, without more, will not defeat a motion summary judgment." *Tyler v. Cedar Hill Indep. Sch. Dist.*, 426 Fed. Appx. 306, 309 (5th Cir. 2011). The plaintiff's Declarations with regards to defendant Dr. Bridges are entirely self-serving, unsupported by the record, and contradict the allegations made by the plaintiff in his Complaint as amended. The plaintiff states in his Declaration that he informed defendant Dr. Bridges of the allegedly contaminated water at PPCC on March 28, 2014, and in response Dr. Bridges cancelled blood tests and an MRI that had been requested by Dr. Whitfield weeks earlier. *See* R. Doc. 353-2. This is the first time the plaintiff has made such statements, which contradict the allegations of his Complaint. In his Amended Complaint, the plaintiff states numerous times that Dr. Whitfield either refused, withheld, or failed to order testing, until he finally did so on October 13, 2014. Additionally, the plaintiff's numerous sick calls do not contain any references to contaminated water. The plaintiff's self-serving statements are not the type of probative evidence required to defeat summary judgment. *See U.S. v. Lawrence*, 276 F.3d 193 (5th Cir. 2001).

There is nothing in the record which shows deliberate indifference on the part of defendant Dr. Bridges. The record establishes that the plaintiff was seen by Dr. Bridges only once prior to being diagnosed with CML. *See* R. Doc. 30-1, pgs. 158 and 201. Otherwise, the plaintiff was treated by Dr. Whitfield.[4] Accordingly, the Court finds that the plaintiff has failed to adequately support his claim asserted against defendant Dr. Bridges, and this defendant is

---

[4] The Court has previously set forth in detail Dr. Whitfield's treatment of the plaintiff. *See* R. Doc. 206.

therefore entitled to summary judgment as a matter of law, dismissing the plaintiff's claim asserted herein.

Finally, regarding the plaintiff's allegations seeking to invoke the supplemental jurisdiction of this court over the plaintiff's state law claims against defendant Bridges, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367.  In the instant case, having recommended that the plaintiff's federal claims against defendant Dr. Bridges be dismissed, the Court further recommends that the exercise of supplemental jurisdiction over the plaintiff's state law claims against this defendant, be declined.

## RECOMMENDATION

It is recommended that the Motion for Summary Judgment (R. Doc. 338) be granted, and the plaintiff's claims against defendant Dr. Bridges be dismissed, with prejudice.  It is further recommended that the exercise of supplemental jurisdiction over the plaintiff's state law claims against this defendant be declined, and that this matter be referred back to the undersigned for further proceedings as appropriate.

Signed in Baton Rouge, Louisiana, on November 1, 2018.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE